The opinion of the court was delivered by
PIornblower, C. J.
Solomon, the defendant in Certiorari, sued one William Dunn, in an action of debt, before an Aider-man of the city of Perth-Amboy. The suit was commenced by warrant, by virtue of which, Clarkson Dunham, the plaintiff in this court, as Marshal of the said city, arrested Dunn, and took him before the Alderman, in the forenoon of the 8th óf December, 1835. Solomon, the plaintiff in that suit, appeared at the return of the warrant, filed his state of demand, and prayed an adjournment until five o’clock in the afternoon of that day. This the Alderman granted, but made no order, either written or verbal, committing the defendant Dunn, to the custody of the Marshal, O' directing the latter to take charge of and detain him, until the hour to which the cause was adjourned; except that after the plaintiff Solomon had left the magistrate’s office and passed into his front room, and as the marshal and Dunn were about leaving *51 the oiSoe, the magistrate in answer to a question put to him-by the Marshal, ‘what was to be done with the defendant?’ replied that the said Dunn, ‘ was as he supposed, in the custody of him, the said Marshal, until the afternoon.” At the hour of adjournment, five o’clock in the afternoon, neither party appeared before the Alderman, whereupon ho dismissed the suit, and gave judgment against Solomon for the costs. Solomon then brought an action on the case, before Justice Runyon, against Dunham the Marshal, for suffering Dunn to escape; but on the trial, the justice rendered judgment for the defendant. From that judgment, Solomon appealed, and the court of Common Pleas gave judgment in favor of the plaintiff, for twenty-seven dollars and thirty-nine cents with costs. These proceedings are now brought into this court, by Certiorari, and the judgment of the Court of Common Pleas, must be reversed for several reasons.
First. By the tenth section of the act constituting courts for the trial of small causes, (Rev. Laws, 630j it is enacted, that upon the return of a warrant with the prisoner in custody, the justice shall, at his discretion, either cause the defendant to enter into recognizance for his appearance, or on his neglect or refusal to do so, shall command the constable to convey him to goal, there to be detained, until time may he had for the hearing, or trial of the cause, not exceeding three days, from the return of the warrant; or such justice “ may direct the constable to hold the defendant in custody, until the plaintiff'shall be notified and have time to appear and proceed to trial.” Now the magistrate did neither of these things. He neither required the defendant to enter into recognizance, nor commanded the constable to convey him to goal, nor directed the constable to hold him in custody. The Alderman did indeed “suppose” the defendant to be in the custody of the officer, until the afternoon. But he was mistaken ; his supposition was unfounded. He was not in the custody of the officer, because the justice supposed he was. Nor had the officer any right to detain the defendant, and hold him in custody, one minute after the cause was adjourned, unless he had been expressly commanded or directed to do so, by the magistrate; and if any such command or direction was given, it ought to appear of record. The magistrate should have recorded such order or direction, in his docket. Personal liberty is not to be res *52 trained by mere verbal orders; nor are constables and other officers to be subjected to the consequences of suits for false imprisonment, without the protection of process or record. When therefore the magistrate adjourned the cause, without making any lawful order touching the custody of the defendant, he ceased to be a prisoner.
Second. It appears by the record of the justice, in the suit of Solomon against Dunn, and which by agreement of the parties, is made a part of the case, that Solomon himself did not appear at the hour of adjournment. He made default, and the suit was consequently dismissed; he voluntarily abandoned his own action, and how can he now complain as he has done, in his state of demand, that he has been injured, and has lost his debt by reason of the escape. Had the defendant appeared at the hour, in the custody of the constable, the plaintiff must have been non-suited, and the defendant discharged out of custody. It will not do to say, the plaintiff did not appear, because he knew the prisoner had escaped. Non constat, but that the defendant did not appear, because he knew the plaintiff would not.
Third. Another and fatal objection to the plaintiff’s recovery is, that the state of demand is defective. It contains no allegation that Dunn was ever arrested by the defendant, or in his lawful custody, by any process, order, or commitment of the magistrate.
Fourth. A still more serious and fundamental objection, is, that the Marshal of the city of Perth-Amboy, is not an officer of the court for the trial of small causes. The process was improperly directed to him; he had no right to arrest the defendant Dunn, and consequently no right to detain him in custody. ' B.y the third section of the act constituting that court, the constables of the several townships, are declared to be its ministerial officers, but the Marshal of the city of Perth-Amboy is not a constable. Freemen of the city, at their annual meetings, are to elect “ all the accustomed officers, directed by any statute, to be chosen within the several townships.” (Rev. Laws, 65.) This includes constables, and by the 8th section of the charter (Id:) the constables chosen by virtue thereof, are vested, within the said city, with all the powers, and made subject to all the duties of the constables of the several townships in this state. Consequently, *53 all process out of the court for the trial of small causes, when issued by an Alderman, acting as a justice, by virtue of the aixtysecond section of the act, constituting that court, (Ilev. Laws 846) must be directed to one of the constables of the city. Such process is effectual, only within the limits of the city, and the constable’s authority to serve it, extends no further. The warrant in this case, was therefore misdirected, and it was well perhaps for the defendant Dunham, and for the plaintiff too, that he let the prisoner go at large. The Marshal, or sergeant at maos, (as he is called in the charter) is a mere city officer, and has no authority to execute process out of the court for the trial of small causes.
Lastly. The warrant set out in the plaintiff’s state of demand, was unlawful and void. It is there described as a writ commanding the Marshal, to take the body of the defendant Dunn, “ if he might be found within the county of Middlesex.” Whereas the act, authorizing Mayors, Recorders and Aldermen, to act as justices of the peace, expressly limits their jurisdiction as such, to the territorial extent of the city or borough, for which they are appointed.
For all these reasons, therefore, the judgment must be reversed.
Ford and Ryersost, Justices, concurred.

Judgment reversed.